**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM742-08 |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion to Dismiss) |
| | ) |
| | ) |
| KESNER RASAUO, | ) |
| | ) |
| Defendant. | ) |

---

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 30, 2009, for a hearing on Kesner Rasauo's ("Defendant") Motion to Dismiss. Attorney Maria G. Fitzpatrick appeared on behalf of the Defendant. Attorney Shane F.T. Black appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

### BACKGROUND

On December 1, 2007, Defendant was arrested for Driving Under the Influence of Alcohol. He was booked and released on the same date after signing a Citation and Notice to Appear. Defendant's Motion to Dismiss Exhibit 1.

On September 4, 2008, the People filed a Complaint along with the Notice to Appear in this Court charging Defendant with Driving While under the influence of Alcohol as a misdemeanor, and Driving Under the Influence of Alcohol B.A.C. as a misdemeanor.

On December 10, 2008, Defendant failed to make his first appearance. Because Defendant's failure to appear on December 10, 2008, the Court issued a bench warrant in the amount $1,000.00.

On December 17, 2008, Defendant was picked up on the warrant. On this date, Defendant was given a copy of the Complaint, advised of his rights and appointed counsel. Also on this date, Defendant was given arraignment date of December 24, 2008. Defendant was subsequently arraigned on December 24,2008 – which he waived his right to speedy trial. On February 10,2009, Defendant filed an assertion of speedy trial.

## DISCUSSION

Defendant argued that his notice to appear went beyond the statute of limitations. Defendant's Motion to Dismiss at 4 (February 19, 2009). Defendant also argued that his right to speedy trial was violated by the delay in bringing him before the court. Id. at 6-7. Defendant finally argued that he was not promptly arraigned as required by the Guam Code of Criminal Procedure. Id.

### A. People Violated Statute of Limitations

In the present case, the Defendant was arrested and released pursuant to 8 G.C.A. § 25.10, which allows, after an arrest, the police to release a defendant without taking the defendant before a judge. In People v. Villapando, 1999 Guam 31, the Guam Supreme Court discussed the method contained in 8 G.C.A. § 25.10:

> As shown above, the court, in Palomo, viewed two options in charging out cases, misdemeanors in that case. First, the police could arrest and detain a defendant, thereby not invoking § 25.30 at all and § 10.20 would be the only time

constrained (sic) placed upon the people to commence prosecution. See 8 G.C.A. § 45.10 (1993). Second, the citation and notice to appear issued by the police could be issued. However, once that method of preliminary "prosecution" is invoked, then the mandates and time guidelines of § 25.30 and the date on which the defendant is required to appear come into play . . . .

Villapando, 1999 Guam at ¶ 34.

The police decided to release Defendant pursuant to 8 G.C.A. § 25.10 and its related statutes, instead of detaining Defendant and taking him before a judge, which is required under 8 G.C.A. § 45.10. The arresting officer may release the Defendant pursuant to Title 8 of the Guam Code Annotated Chapter 25. 8 G.C.A. § 25.10. Pursuant to Title 8 of the Guam Code Annotated Chapter 25, an officer is required to prepare a Notice to Appear, have the arrestee sign the Notice to Appear and deliver a copy of the Notice to Appear to the prosecuting attorney. 8 G.C.A §§ 25.20 and 25.30. When a prosecuting attorney receives the case and the Notice to Appear, and determines the offense should be prosecuted, the prosecuting attorney must file the notice to appear with the Court, along with a complaint and any necessary affidavits. 8 G.C.A. § 25.30.

Defendant fails to demonstrate that the People failed to adhere to the procedure in Title 8 of the Guam Code Annotated Chapter 25. Instead, the Defendant alleged that the People should have applied for an earlier summons instead of the Notice to Appear. Defendant's Motion to Dismiss at 4 (February 19, 2009). The Court disagrees. Under 8 G.C.A. § 25.30, the prosecuting attorney "shall file the notice to appear and a complaint . . . in the court in which the person has promised to appear." Contrary to Defendant's argument, there is no requirement that the prosecuting attorney request a summons and neglect the duty to file the notice to appear with the court. Therefore, the Court finds the People issuance of a Notice to Appear to Defendant, rather than a summons does not violate Palomo.

Defendant argued that the People violated Palomo because the Notice to Appear date was

beyond the applicable Statute of Limitations. Defendant's Motion to Dismiss at 4 (February 19, 2009). The Court disagrees. 8 G.C.A. § 45.30 governs Defendant's first appearance before a judge. It states:

> (a) at the time the defendant is brought before the court pursuant to . . . a notice to appear pursuant to § 25.20, the court shall inform the defendant; (1) of the complaint against him and of any affidavits filed therewith; (2) of his right to retain counsel. (3) of his right to request the assignment of counsel if he is unable to obtain counsel. (4) of the general circumstances under which he may secure his pretrial release. (5) of his right to prosecution by indictment, where such right is available. (6) of his right to a preliminary examination, where such right is available. (7) that he is not required to make a statement and that any statement made by him may be used against him.

8 G.C.A. § 45.30 (a) (2008). There is no requirement that the Defendant's first appearance under 8 G.C.A. § 45. 30 must occur before the statute of limitations expires.

Defendant argued that the Court should infer that the Defendant's first appearance before the Court must occur before the expiration of the applicable statute of limitations because the Villapando decision suggests that police should set the notice to appear date before the expiration of the applicable statute of limitations. Defendant's Motion to Dismiss at 4-5 (February 19 2009). The Court declines to make this inference. Defendant cites Villapando as stating that "th people may instruct the police to set the notice to appear date further off, yet still within the applicable de jure SOL." Villapando, 1999 Guam at ¶ 31. Defendant fails to also cite the footnote that follows the preceding quote. The footnote states that "[a]lthough some trial courts have addressed the implications of the right to speedy trial, even after a case was charged out before the notice to appear date, that issue is not presently before the court." Id. at ¶ 31 fn. 10. The scenario discussed in Villapando's footnote 10, is the identical to the present case.

The People are only required to charge the Defendant before the date scheduled in the Notice to Appear or the statute of limitations, which runs on the date after the offense is

committed, which ever is earlier. 8 G.C.A. § 10.60 (prosecuting attorney must file a misdemeanor charges within one year) 8 G.C.A. § 25.30 (prosecuting attorney must file a complaint on or before the notice to appear date); and People v. Palomo, 1998 Guam 14, ¶ 14 (when the notice to appear date is set within the applicable statute of limitation, charging must occur before the earlier of the notice to appear date or the statute of limitations in order to comply with 8 G.C.A. § 25.10). The statutes that govern the notice to appear requires only that the prosecuting attorney to file a complaint "[a]t or before the time at which the person promised to appear," and that the prosecutor "shall file the notice to appear, and a complaint, and affidavits which satisfy the requirements of § 45.20 in the court in which the person has promised to appear." 8 G.C.A. § 25.30.

The Palomo decision insures the People's compliance with the requirements of 8 G.C.A. § 25.30 when a defendant has been arrested and released pursuant to Chapter 25. In the present case, the People complied with 8 G.C.A. § 25.30 and the applicable statutes of limitations. The harm in which the Palomo decision protects does not exist in this case; therefore, there is no violation of the mandates of Palomo.

**b. The People Violated Constitutional and Statutory Speedy Trial Rights**

Defendant argues that the People failed to bring the case before the court in a prompt manner. Defendant's Motion to Dismiss at 5 (February 19, 2009). Defendant argued that it took the prosecuting attorney nine months to file a formal complaint against Defendant. Id. Defendant argued there is in valid basis for the nine-month delay in filing the complaint against Defendant. Id. The test for whether a case should be dismissed for reasons of time is found in 8 G.C.A. § 80.60(a) and (b). If a defendant is not in custody, the court shall dismiss a criminal action under 8 G.C.A. § 80.60(a) if trial "has not commenced within sixty days after his arraignment." 8

G.C.A. § 80.60(a)(2).

Defendant argued that the People have violated this provision of the Code because he was not charged and arraigned promptly, thus causing unnecessary delay in the bringing the underlying case to trial. Defendant also argued that he was accused of a crime when he was arrested and issued a Notice to Appear, however, he was not charged with any crime until nine months later. Therefore, Defendant argued that dismissal is required.

Dismissal is considered a drastic step and is generally disfavored as a remedy, particularly where the right to speedy trial is concerned. "The amorphous quality of the right (to speedy trial) . . . leads to the unsatisfactorily severe remedy of dismissal of the indictment where the right has been deprived." Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182 (1972). Overzealous application of dismissal for speedy trial violation would grant those guilty of crimes immunization based on procedural legal error, rather than protecting "the societal interest in trying people accused of crime." United States v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773 (1966).

In the instant case, Defendant was not held in custody following his arrest. Under 8 G.C.A § 10.30, the People are allowed up to one year to charge a defendant in a misdemeanor case after the person's arrest. It has been determined by the legislature that this is a reasonable time period to allow the People to investigate and charge the crime, and to ensure that the Defendant is not unduly prejudiced by a lengthy delay. Every jurisdiction is free to enumerate its own reasonable time standard for the commencement of prosecutions. Barker, 407 U.S. at 523. Defendant was arrested on December 1, 2007, and the People charged Defendant on September 4, 2008, within the time allowed – one year; and Defendant was not in custody pursuant to 8 G.C.A § 80.60(a)(1), there can be no violation of Defendant's right to speedy trial for failing to charge Defendant earlier.

Furthermore, under 8 G.C.A. § 80.60(a), a Defendant's right to speedy trial is triggered only after Defendant's arraignment. A violation occurs if Defendant asserts the right and trial "has not commenced within 60 days after arraignment." 8 G.C.A. § 80.60(a)(3). Pursuant to 8 G.C.A. § 60.10, "the defendant shall be arraigned promptly after the . . . complaint is filed . . . ." The note following the section states that the intent of the legislature was not to require any specific time frame for arraignments, but to protect against any unreasonable delay between the time of charging and the time of arraignment. 8 G.C.A. § 60.10, Note. The legislature did not provide for a specific time frame underlying the right to speedy trial, and each jurisdiction may decide what a reasonable time period triggering speedy trial analysis is. Barker, 407 U.S. at 523. The legislature did not lay out a specific time period, the legislature only required that the arraignment be conducted promptly after the complaint is filed. See 8 G.C.A. § 60.10(a).

Defendant argued that his right to prompt arraignment was violated when he was arraigned after his first appearance, which was scheduled by the Notice to Appear given to him when he was charged. Defendant was arrested on December 1, 2007. Defendant argued that because his first appearance set by the date on the Notice to Appear was scheduled for December 10, 2008[1] – which is nine days after the one-year statute of limitations set by 8 G.C.A. § 10.30, and the arraignment occurred February 10, 2009. Defendant claims his statutory right to a prompt arraignment – through his right to speedy trial - was violated. The Court disagrees.

The Court finds that under 8 G.C.A. § 25.30, when the Defendant is issued a Notice to Appear, the People are required to file the notice to appear with the court. There is no requirement that the prosecuting attorney request for a summons for an earlier appearance of the defendant. See 8 G.C.A. §§ 15.20(a) and 25.30. The Defendant presents no evidence that the

---

[1] Defendant failed to appear on December 10, 2008. A warrant for Defendant's arrest was issued. Defendant was picked up in the warrant on December 17, 2008, and a copy of the Complaint, advised of his rights and appointed counsel. Defendant's arraignment was scheduled for February 10, 2009.

summons issued by the court at a stated time and place,: under 8 G.C.A. § 15.40 could not have been set for a date later than the statute of limitations. Therefore, there is no difference between the date of Defendant's first appearance as set pursuant to a notice to appear or a summons. Because the Court already found that the prosecution began within the statute of limitation, the delay of six days between the end of the limitations period and Defendant's first appearance had no effect on the date of Defendant's arraignment, and therefore, the Defendant was promptly arraigned.

Defendant argued that his Sixth Amendment right to speedy trial has been violated by the People's failure to charge the Defendant quickly. Defendant's Motion to Dismiss at 5-6 (February 19, 2009). The Sixth Amendment guarantees a person accused of a crime to a speedy trial. Barker, 407 U.S. at 530. The Defendant claimed that he was an accused, and therefore, the Sixth Amendment applied to him, when he was arrested and issued a Notice to Appear.

Under Barker, to determine whether a defendant has been deprived of his Sixth Amendment right to speedy trial, the court must balance the following factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. 407 U.S. at 514. The balancing is one that the actions of both the prosecution and the defendant are weighed. Id. at 530.

The length of delay is a threshold factor. The court must determine whether the length of delay before trial was unusually long. Doggett v. United States, 505 U.S. 647, 651 (1992). This factor is a double inquiry. Id. The first, to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay. Id. If the defendant is able to make this showing, the court must next consider, as one factor among several, the extent to which the delay stretches

beyond the bare minimum needed to trigger judicial examination of the delay. Id.

Delays that are more than one year are presumptively prejudicial. Doggett, 505 U.S. at 648 n.1 (depending on the nature of the charges, courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year); accord United States v. Beamons, 992 F.2d 1009, 1012-1013 (9th Cir. 1993).

Defendant argued that his right to speedy trial was violated because the Defendant was not charged promptly. Defendant's Motion to Dismiss at 5-6 (February 19, 2009). Defendant was arrested in December 1, 2007. Defendant was charged September 4, 2008. The time that elapsed between the date that Defendant was arrested and the date Defendant was charged was approximately nine months. The delay of nine months is not "presumptively prejudicial" according to Doggett. See Doggett, 505 U.S. 648 n. 1. Because there is no presumptive prejudicial delay, there is no need to inquiry into the other factors that go into balancing test. Barker, 407 U.S. at 350. The record indicates that any delay in this case did not cross the threshold of a presumptively prejudicial delay. The United States Supreme Court recognized that pretrial delays are often inevitable and wholly justifiable. Doggertt, 505 U.S. at 656. Defendant has not shown that the delay of nine months between the Defendant's arrest and when the Defendant was charged is presumptively prejudicial. Therefore, a speedy trial analysis under Barker is unnecessary.

Despite this defect in Defendant's claims, assuming arguendo that Defendant had alleged a presumptively prejudicial delay under Doggett, his argument even now cannot be sustained because the remaining factors weigh against him.

The most important of the Barker factors is the second the reason for the delay. Barker 407 U.S. at 531; U.S. v. Loudhawk, 474 U.S. 302, 315, 106 S.Ct. 648 (1986). The reason for th

delays is the most important because different weights will be assigned to different reasons. Barker, 407 U.S. at 531. Delays caused by the People may or may not be weighed in favor of a defendant's motion for dismissal. Loudhawk, at 316.

As discussed previously, the Court found no violation of Defendant's statutory right to speedy trial. The People are authorized to take up to one year to charge a defendant in a misdemeanor case. 8 G.C.A. § 10.30. This "delay" has been authorized by the legislature. Defendant may not claim that his right to speedy trial has been violated because the statute protects Defendant's right to speedy trial by ensuring that the prosecuting attorney charge the misdemeanor within a specific time period – one year. The legislature, through 8 G.C.A. § 10.30, has determined that the one-year period is a reasonable time to allow the People to begin prosecutions, and to allow Defendant notice and time to prepare a defense. As stated by the United States Supreme Court:

> "[I]n large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself."

Ewell, 383 U.S. at 116. There is no constitutional requirement prosecutions commence within any certain time frame before the applicable statute of limitations. The Court cannot find that the People were constitutionally required to institute prosecutions under some time standard other than the one set forth by the Legislature of Guam. If the Court were to require an additional time standard, the Court would be creating law and usurping the powers of the legislature. Therefore, the second factor weighs against a dismissal.

The Court finds that Defendant has asserted his right to speedy trial. Therefore, the third factor in Barker would weigh in his favor.

The last factor set forth in Barker is whether Defendant as been prejudiced by the delay? Barker, 407 U.S. at 350. In determine this factor, the court must consider three interest which the right to speedy trial was designed to protect: (1) to prevent oppressive pre-trial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532. The Defendant has not given any evidence as to what prejudice he has suffered as a result of the People's delay. Therefore, the last factor weighs against dismissal.

Because the length of delay in this case did not warrant a speedy trial analysis, and the delay was authorized by the Legislature of Guam through the applicable statute of limitations the Court will deny Defendant's Motion to Dismiss.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

**SO ORDERED** this __5__ day of __April__ 2009.

_____

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

APR 0 3 2009

James R. Borja

The People of Guam vs. Kesner Rasauo, CM742-08
Decision and Order – Motion to Dismiss